IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 16-0235-WS |
| | ) |
| JOEL VAZQUEZ LOPEZ, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on Defendant's Motion to Reconsider Order Denying Suppression (doc. 57).

On January 24, 2017, the undersigned entered a 13-page Order (doc. 51) denying defendant Joel Vazquez Lopez's Motion to Suppress (doc. 51) the fruits of a traffic stop conducted on September 19, 2016. For reasons set forth in January 24 Order, the ruling was made without an evidentiary hearing.

On February 14, 2017, three weeks after the denial of his Motion to Suppress, Lopez, by and through counsel of record, filed a Motion to Reconsider. Lopez seeks reconsideration of the Court's decision to adjudicate the Motion to Suppress without first conducting an evidentiary hearing. Each of defendant's arguments for reconsideration will be addressed in turn.

As an initial matter, Lopez asserts that it was "impossible" for his Motion to Suppress to challenge the version of the facts recited in the Government's Response (doc. 37) because "the Government had yet to state" those facts at the time of his Motion. This argument is disingenuous. At the time he filed his Motion to Suppress, defendant was well aware of the Government's factual narrative concerning the subject traffic stop because he had received the videos and police report in discovery. If defendant disputed material facts in those videos or in the police report, then he should have so stated in his Motion to Suppress. He did not do so. More importantly, in an Order issued on January 4, 2017, fixing a briefing schedule for the Motion to Suppress, the Court issued the following directive to the parties:

> "Applicable law does not require that evidentiary hearings be set as a matter of course whenever a criminal defendant files a motion to suppress. **To the extent**

> *that either side believes a hearing is necessary or appropriate, it must set forth a particularized explanation for this belief in its memorandum.  Failure to do so will constitute a waiver of any demand or request for hearing*."

(Doc. 32, at 1 (emphasis added).)  Notwithstanding this clear admonition, Defendant's Reply to Government's Response to Motion to Suppress Evidence (doc. 46) filed two weeks after entry of that briefing schedule did not even attempt to set forth any valid basis for an evidentiary hearing.  Nowhere in that Reply did Lopez express disagreement with any pertinent fact set forth in the Government's Response; instead, Lopez focused his Reply on a purely legal argument relating to application of the *Rodriguez* decision to this fact pattern.  Lopez's failure (i) to abide by the January 4 Order, and (ii) to identify any meaningful factual disputes or credibility issues in his Reply that might warrant an evidentiary hearing, belie and foreclose his new argument today that he never had a chance to dispute the Government's version of the facts.

Next, Lopez identifies certain facts that he says entitle him to relief.  In particular, defendant insists that Deputy Kolbe unlawfully prolonged the traffic stop and did not diligently engage in activity to complete the mission of the traffic stop, that the stop lasted 37 minutes, that Deputy Kolbe failed to call in defendants' driver's license information for 19 minutes, and the like.  (*See* doc. 57, at 2.)  Of course, the January 24 Order expressly considered and addressed all of these facts and circumstances, as well as defendant's arguments relating to same.  This is not a proper basis for reconsideration or an evidentiary hearing.

Defendant also balks that "there is no certain way for the Defendant to know exactly what portion or portions of which video, report, or audio the Government or the Court relies upon."  (Doc. 57, at 2.)  This objection is unfounded.  The facts presented in the Government's Response and the January 24 Order hew closely and directly to Deputy Kolbe's written report and the body-camera video, both of which were produced by the Government to the defendant in the ordinary course of discovery.  The Court rejects any suggestion by defendant that its ruling on the Motion to Suppress must contain specific citations to a particular time stamp of a particular video recording for each fact set forth therein.  The record basis for those facts is readily apparent from even casual review of the body-camera video and police report.[1]

---

[1] Defendant's attempt to assign prejudicial error to the Government's failure to file a copy of the video and documentary exhibits to its Response is ill-conceived.  The January 24 Order recognized the Government's omission but considered those materials on the strength of the Government's representation that they had been provided to defendant in discovery. (Continued)

As an additional ground for his Motion to Reconsider, defendant criticizes the January 24 Order for failing to address "whether testimony from the other Deputy present would contradict that of Kolbe, or possibly add additional facts that support the Defendant's theory that the traffic stop was unlawfully prolonged."  (Doc. 57, at 3.)  All relevant facts underlying the denial of the Motion to Suppress may be found in the body-camera recording of the traffic stop.  A criminal defendant is not entitled to an evidentiary hearing on a motion to suppress for the purpose of conducting a fishing expedition to try to elicit testimony contradicting a clear video record of the subject event.  To the contrary, it has been black-letter law for decades in this Circuit that "a trial court may refuse a defendant's request for a suppression hearing … if the defendant fails to allege facts that, if proved, would require the grant of relief."  *United States v. Richardson*, 764 F.2d 1514, 1526-27 (11th Cir. 1985); *see also United States v. Cooper*, 203 F.3d 1279, 1285 (11th Cir. 2000) ("Defendants are not entitled to an evidentiary hearing based on a 'promise' to prove at the hearing that which they did not specifically allege in their motion to suppress.").  Simply speculating that Officer McElroy might say something that contradicts unambiguous video of the incident in unknown and unspecified ways does not satisfy Lopez's threshold burden to obtain an evidentiary hearing.[2]  The same logic defeats defendant's conclusory assertion that he was entitled to an "opportunity to explore the conclusions in an adversarial hearing."  (Doc. 57, at 4.)  As for Lopez's assertion that he needed a hearing to challenge "the interpretation of the content of any video or audio on which the Government relies" (doc. 57, at 4), Lopez already had that opportunity in his reply brief.  Yet defendant's Reply failed to address the Government's interpretation of the content of the body-camera video or to offer any different interpretation that might promote the relief requested in the Motion to Suppress.  A defendant is not entitled to an

---

Moreover, the January 24 Order directed the Clerk of Court to maintain the CD containing those materials with the court file and to make an appropriate notation on the docket sheet.  Under the circumstances, the Court rejects any suggestion by Lopez that the Government's failure to attach these items to its Response somehow prejudiced the defense, impaired its ability to prepare a reply brief, or went beyond the scope of the record or the court file.

[2]    *See generally United States v. Aguila-Urbay*, 480 Fed.Appx. 564, 572 (11th Cir. July 9, 2012) ("The district court did not have to investigate the reports further at an evidentiary hearing … based on Aguila-Urbay's 'mere speculation' that the government possessed exculpatory materials.").

evidentiary hearing to make arguments that could and should have been presented in briefing the Motion, especially where the Court expressly warned the defendant ahead of time that no hearing would be conducted as a matter of course.

Finally, defendant's assertion that "the Court is not relying on the recitation of facts by the Defendant, but is instead resting its decision solely on the Government's facts" (doc. 57, at 5) is demonstrably incorrect. Defendant does not – and cannot – point to a single instance in which the January 24 Order credited a fact identified by the Government over a corresponding fact asserted by the defendant. On the contrary, every fact set forth in the "Factual Basis" of Defendant's Motion to Suppress (doc. 30, at 2-3) is credited and accepted by the January 24 Order. Again, if Lopez had any alternative facts to contradict the contents of the video, he could and should have presented them to the Court either in his Motion or in his Reply. His failure to do so then does not entitle him to reconsideration of the January 24 Order now.

Finally, defendant's apparent contention that an evidentiary hearing is always required on motions to suppress so long as the defendant has made a threshold showing of standing is incorrect, as a matter of law. *See, e.g., Richardson*, 764 F.2d at 1527 ("Yet allegations of standing alone will not suffice to obtain an evidentiary hearing or the suppression of evidence. A motion to suppress must in every critical respect be sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that a substantial claim is presented.").[3]

For all of these reasons, Defendant's Motion to Reconsider Order Denying Suppression (doc. 57) is **denied**.

DONE and ORDERED this 15th day of February, 2017.

                                                  s/ WILLIAM H. STEELE
                                                  CHIEF UNITED STATES DISTRICT JUDGE

---

[3] *See also United States v. Roundtree*, 299 Fed.Appx. 905, 907 (11th Cir. Nov. 7, 2008) ("The motion to suppress did not present an issue of fact or contain allegations that would provide a basis for relief. Therefore, the district court did not err in … failing to hold an evidentiary hearing …."); *United States v. Booker*, 131 Fed.Appx. 234, 243 n.4 (11th Cir. May 12, 2005) ("Because Booker … failed to allege facts supporting his conclusory argument that the affiant omitted facts relevant to the determination of probable cause, or that, if taken as true, would have required grant of relief, the district court also did not abuse its discretion in denying Booker a suppression hearing.").