# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 16-0235-WS |
| ) | |
| JOEL VAZQUEZ LOPEZ, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter comes before the Court on defendant's "Motion for Judicial Recommendation for 12 Months RRC / Home Confinement" (doc. 89).

On June 6, 2017, this Court sentenced defendant, Joel Vazquez Lopez, to a term of 57 months' imprisonment for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. (Doc. 85.) Now, more than one year after sentence was imposed, Lopez petitions this Court to make a recommendation to the Bureau of Prisons ("BOP") that the final 12 months of his prison term be split between an RRC / Halfway House placement and a Home Confinement placement. By statute, the BOP "shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). Among the factors that the BOP must consider in making that determination is "any statement by the court that imposed the sentence … recommending a type of penal or correctional facility as appropriate." 18 U.S.C. §§ 3621(b)(4)(B), 3624(c)(6)(A).

The defect in this Motion is that the Judgment entered in this case in June 2017 made no such recommendations to the BOP. (*See* doc. 85.) Numerous authorities recognize that federal district courts lack authority to make pre-release custody recommendations post-sentencing, and that doing so would encroach upon the BOP's statutory authority.[1] Furthermore, even if the

---
[1] *See, e.g., United States v. Sanders*, 2018 WL 2172920, *2 (D.N.M. May 9, 2018) (recognizing that no "BOP regulation authorizes a prisoner to seek a post-sentencing
(Continued)

Court possessed such authority, the undersigned would decline to exercise it here.  After all, the Bureau of Prisons is far better positioned than this Court to evaluate the suitability of RRC, home confinement or other pre-release custody placement options for Lopez, given his particular circumstances and the available resources.  *See, e.g., United States v. Cummings*, 2018 WL 1470173, *2 (E.D. Wisc. Mar. 26, 2018) ("Congress has entrusted decisions under Section 3624(c)(1) regarding placement at the end of a prisoner's sentence to the BOP, and rightly so.  As a prisoner's term of imprisonment draws to a close, the BOP is better suited than the Court to assess the question of placement, given the particular circumstances of the prisoner and the available resources within BOP.").  Among other things, the BOP is familiar with Lopez, his adjustment in prison, his current treatment and rehabilitation needs, the available resources (Lopez is presently housed in South Carolina but wishes to return to Puerto Rico for halfway house and home confinement placement), and other relevant considerations, all of which it can analyze through the lens of its specialized expertise.  Under the circumstances, a post-sentencing judicial recommendation based on incomplete information and an imprecise understanding of the above-described considerations would serve only to interfere with the BOP's exercise of its authority.  The Court would thus decline to issue the requested recommendation in this case, even if it were empowered to make one.

For these reasons, defendant's "Motion for Judicial Recommendation for 12 Months RRC / Home Confinement" (doc. 89) is **DENIED**.

DONE and ORDERED this 24th day of July, 2018.

                                              s/ WILLIAM H. STEELE
                                              UNITED STATES DISTRICT JUDGE

---

recommendation as to pre-release custody when the original judgment is silent as to RRC placement," and that "a district court may not encroach upon the BOP's authority to decide where the prisoner may be confined during the pre-release period"); *United States v. Beasley*, 2017 WL 29677, *1 (S.D. Ga. Jan. 3, 2017) ("[N]owhere in the statutes is there an avenue for a court, post-sentencing, to recommend a particular place of incarceration.  The BOP has discretion … and the Court does not have post-sentencing authority to make any sort of recommendation to the BOP on whether or not to consider Beasley for pre-release CCC confinement."); *United States v. Landers*, 2013 WL 5530271, *2 (D.S.C. Oct. 7, 2013) ("The court is aware of no authority by which it may issue a recommendation for halfway house placement at this late stage.").